COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-311-CR
  
  
HUSSAM 
ALLAM                                                                   APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
   
------------
FROM 
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Hussam 
Allam appeals his conviction for the assault of his wife, Hale Amin.  We 
will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
his sole point, appellant contends that the trial court erred in permitting an 
expert witness to testify that she found the victim to be credible. See Tex. R. Evid. 702; see 
also Yount v. State, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993).
        The 
State asked Pam Dickinson-Norris, a victim’s advocate for the Carrollton 
Police Department, the following question, to which appellant objected:
  
[Prosecutor:] 
Given your experience in social services and your background and education [in] 
counseling, did you gain an impression on that day, February 23rd, 
from Ms. Amin that she was making up the assault?
 
[Appellant’s 
counsel]: Judge, I – I’m going to object to that. It’s invading the 
province of the jury. It’s asking this witness to speculate and offer an 
opinion on the ultimate issues for the triers of fact in this case.
 
        The 
court overruled the objection. The prosecutor continued:
[Prosecutor:] 
Were you under the impression she was making it up?
 
[Dickinson-Norris:] 
I found her credible.
  
  
        Additionally, 
the record shows that the following testimony occurred without objection:
 
[Prosecutor:] 
And that was going to be my next question. In your job and what you do, are you 
called upon to assess the credibility of the victim who’s telling you what 
happened to them?
 
                [Dickinson-Norris:] 
Yes.
 
[Prosecutor:] 
What is the importance of them being able to relay to you in a credible manner, 
your next step in your job?
 
[Dickinson-Norris:] 
Ethically, I can’t help them get funding through the Attorney General’s 
office, I can’t help them get assistance from other agencies if I can’t 
believe them. I would be perpetrating a fraud.
 
[Prosecutor:] 
Okay. So in your opinion, on February 23rd, 2003 – well, let me ask 
you this: Based on your – your visit with her and your investigation, what did 
you do on her case?
 
[Dickinson-Norris:] 
In her case, I found a shelter location. In her case, I filed for crime 
victim’s compensation for her. I found counseling services for her. I’ve 
done follow-up for her. I could not have ethically done that if I had reason to 
think she was lying.

        To 
preserve error, a party must continue to object each time the objectionable 
evidence is offered. Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. 
App.), cert. denied, 528 U.S. 1026 (1999); Ethington v. State, 819 
S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court’s erroneous 
admission of evidence will not require reversal when other such evidence was 
received without objection, either before or after the complained-of 
ruling.  Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. 
denied, 501 U.S. 1259 (1991), overruled on other grounds by Heitman v. 
State, 815 S.W.2d 681 (Tex. Crim. App. 1991).
        Because 
appellant did not object each time Dickinson-Norris’s opinion about the 
victim’s credibility was offered, his complaint about the trial court’s 
admission of her testimony is waived. See Fuentes, 991 S.W.2d at 273; Ethington, 
819 S.W.2d at 858-59.
        The 
trial court’s judgment is affirmed.
   
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
  
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 6, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.